IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FREDERICK L. DANIELS     PLAINTIFF

v.     Civil No. 6:16-CV-06004-SOH-BAB

WARDEN M.D. REED, *et. al.*     DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff, Frederick L. Daniels, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Currently before the Court is Defendants' Motion to Dismiss.[1] ECF No. 13. Plaintiff responded. ECF No. 15.

**1. BACKGROUND**

Plaintiff is currently not incarcerated. Plaintiff filed his Complaint on January 14, 2016. ECF No. 1. Plaintiff alleges his constitutional rights were violated by Defendants' failure to protect him from a stabbing assault by another inmate. He further alleges his rights were violated when the disciplinary conviction against him for the assault was reversed on appeal, but his class status was not corrected to reflect that reversal. ECF No. 1, p. 7. This resulted in his loss of ability to earn good time credits and to be considered for parole. ECF No. 15, pp. 3-4. He alleges Defendant Maxwell wrote false disciplinary charges against him. ECF No. 1, p. 26. Plaintiff alleges he contacted Defendant Reed, as did Disciplinary Hearing Administrator Naylor, about the

---

[1] Defendants Doe and Brown could not be served. Plaintiff was ordered to provide additional information concerning these Defendant on March 24, 2017, but has not done so. ECF No. 18.

1

reversal of the charges, but his class status remained as it was before the charge reversal. ECF no. 1, p. 7. He alleges the disciplinary hearing held by Defendant Minor was procedurally deficient because it did not consider his wounds from the assault as well as other evidence. ECF No. 1, p. 7. The remaining Defendants were named for a failure to protect claim.

Plaintiff proceeds against all Defendants in their official and personal capacities. ECF No. 1, p. 4. Plaintiff seeks a declaratory judgment stating that the physical assault and subsequent disciplinary charge against him was a violation of his rights; an injunction ordering Defendant to preserve evidence, to change the assignment of guards to barracks; and to expunge the disciplinary action taken against him. He also seeks compensatory and punitive damages. ECF No. 1, pp. 8-11.

Defendants filed their Motion to Dismiss on September 8, 2016. ECF No. 13. Plaintiff responded. ECF No. 15.

 **2.** **APPLICABLE LAW**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.

2004).

## 3. DISCUSSION

Defendants argue dismissal is appropriate for five reasons: 1) Plaintiff's claims for violation of his due process rights are barred by both *Heck* and *Sandin*; 2) Plaintiff failed to exhaust his administrative remedies for his failure to protect claim because he failed to name any of the Defendants in the grievance; 3) Plaintiff failed to state a claim for violation of his § 1983 rights for his failure to protect claim; 4) Sovereign immunity bars Plaintiff's official capacity monetary claims against ADC Defendants; 5) qualified immunity applies to Plaintiff's individual capacity failure to protect claim. ECF No. 14.

### A. Exhaustion of Administrative Remedies – Failure to Protect Claim

The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The ADC requires inmates to identify the personnel involved in issue being grieved. ECF No. 14, p. 9. Based on the record, Plaintiff filed one grievance (OR14-00411) regarding the assault and subsequent disciplinary charge. ECF No. 1, p. 55. Plaintiff did not identify any personnel in the grievance by name, referring only to "staff." On appeal, it was noted that the grievance should have been denied at the unit level because it was untimely. Plaintiff was also advised he must utilize the Disciplinary Appeal process to challenge an aspect of a disciplinary charge. ECF No. 1, p. 64. Plaintiff therefore did not exhaust his administrative remedies against any Defendant for his failure to protect claim.

### B. Sovereign Immunity - Official Capacity Claims for Monetary Damages

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir.1998). Thus, Plaintiff's official capacity claim against Defendant is a claim against the ADC. *Id.* The ADC is a state agency. *See Fegans v. Norris,* 351 Ark. 200, 206, 89 S.W.3d 919 (2002). States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

The Defendants in this case are all employees of Arkansas Department of Correction (ADC). As such, the official capacity claims against them for monetary damages are barred by sovereign immunity.

4

### C.      **False Disciplinary Charge Claim**

The filing of a false disciplinary charge against an inmate is not actionable under § 1983 unless it filed in retaliation for the inmate's exercise of a constitutional right. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Plaintiff did not allege that the filing of the false disciplinary charge was done in retaliation for the exercise of a constitutional right. He therefore failed to state a plausible claim against Defendant Maxwell for filing a false disciplinary charge.

### D.      *Heck*–**Due Process Claims**

Defendants argue Plaintiff's due process claims concerning his disciplinary charge are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (2002). "Under *Heck* 's 'favorable termination' rule, a § 1983 action seeking damages for prison discipline that resulted in a loss of good time credits does not arise until the inmate has successfully challenged that discipline through habeas or some other proceeding." *Portley-El*, 288 F.3d at 1066.

As noted by Defendants in their Brief (ECF No. 14, p. 3), Plaintiff successfully appealed his disciplinary conviction, and the conviction was reversed. Therefore, his due process claims are not barred by *Heck*.

### E. *Sandin*-Due Process Claims

Defendants argue Plaintiff's placement in punitive segregation for thirty days was not an atypical or significant hardship, and his claim is therefore barred by *Sandin v. Connor*, 515 U.S. 472 (1995).

A disciplinary conviction implicates a liberty interest only where the punishment results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship). *See Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship. Further "any violation of his due process rights in connection with the disciplinary conviction was vindicated by the reversal of the conviction." *Sanders v. Norris*, 153 Fed. App'x. 403, 404 (8th Cir. 2005) (unpublished) (citing *Wycoff v. Nichols,* 94 F.3d 1187, 1189 (8th Cir.1996).

Here, Plaintiff's conviction was reversed, therefore his due process rights as to the conviction itself were vindicated through the reversal. However, Plaintiff also alleges that, despite the reversal of his conviction, he was not restored to the Class status he was demoted from as a result of the wrongful disciplinary conviction. Defendants argue Plaintiff's sole remedy for restoration of his class privileges is *habeas corpus* and not a § 1983 action. Plaintiff argues he is not asking for restoration of lost credits. He argues instead that he was not afforded the opportunity to earn credits because he was not returned to his previous Class status. Further, he was denied to

6

opportunity to be considered for parole on his appointed date, and he has a liberty interest in being considered for parole. ECF No. 15, pp. 2-4. Defendants did not address the parole argument.

Inmates do not have a constitutional right to a particular prison job or classification. *Sanders*, 153 Fed. App'x at 1. It is also well-settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee*, 237 Fed. App'x. 114 (8th Cir. 2007).

Based on the above, it is not necessary to address Defendants' qualified immunity argument.

## 4. CONCLUSION

Accordingly, I recommend Defendants' Motion to Dismiss (ECF No. 13) be **GRANTED** and Plaintiff's Complaint be **DISMISSED** without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE